Hasler agt. Johnston.

## N. Y. MARINE COURT.

EDWARD HASLER, landlord, agt. SUSAN B. JOHNSTON.

*Summary proceedings to recover the possession of real property — Non-resi-dent landlord not required to file security for costs — Code of Civil Procedure, section 3279.*

In summary proceedings to recover the possession of real property, a land-lord being a non-resident, but owning property in the city and county of New York, cannot be required to file security for costs.

This proceeding is not "such a special proceeding instituted in a court of record" as is contemplated by section 3279 of the Code of Civil Procedure.

*Special Term, September,* 1880.

McADAM, *J.* — The tenant applies, under section 3279 of the Code of Civil Procedure, for an order requiring the land-lord, who is said to be a non-resident, to file security for costs and for a stay of all proceedings until the same be fully per-fected and approved. · The proposed order to show cause is made returnable on the 21st of September, 1880, at 11 A. M., while the precept under which the tenant is summoned before me is returnable to-morrow morning (the eleventh instant). Section 3279 provides that the provisions of the statute in regard to security for costs shall apply to a special proceeding instituted in a court of record in like manner as to an action.

The question presented, therefore, reduces itself to this, is the present such a special proceeding instituted in a court of record as is contemplated by said section? The provision of the title (2) conferring jurisdiction of summary proceed-ings grants power to the district courts of the city of New York, but in every other instance confers it upon certain officers therein specified. For example, if the property be situated in the city of New York the application may be made to the city judge, or judge of the court of general sessions or to a justice of the marine court of the city of New York.

The precept in such an instance is to be issued by one of the magistrates named, and the proceedings are to be conducted by the magistrates as such. In the district courts the precept is to be issued by the clerks thereof, and the justices of the district courts are to dispose of such proceedings as they hear and determine ordinary civil actions in their respective courts. Section 2265 provides that the proceedings before such magistrates shall not be stayed either before or after judgment, except as therein provided; and a stay until security for costs is filed is not one of the cases provided for by said section. Section 3272, in reference to security for costs, on the other hand, authorizes a stay until the security be given, or a special deposit of $250 in lieu thereof be made.

In summary proceedings the costs allowable to a tenant can, in no event, exceed ten dollars and disbursements (*Code of Civil Procedure, sec.* 2250). Can it be possible, therefore, that the legislature intended to stay the summary proceedings of the landlord (who is, in most instances, the owner of the property) until he deposits $250 in court to secure the tenant (if successful) the payment of ten dollars costs, or unless he gives an undertaking in $250 to secure the payment of the same. These proceedings were intended to be, as expressed in the title of the statute, summary in their nature; and the various sections of the act relating thereto are repugnant to those in reference to security for costs, so that the one cannot be made to apply to the other (*See, also, sec.* 2248). The district courts may award to a successful tenant the same amount of costs which a justice of the marine court may award (*sec.* 2250), and yet no security for costs can be required in the district courts. Will it be seriously contended that while a stay on security for costs is denied in the district court, that the legislature intended that it should (under precisely similar circumstances) be granted in like proceedings commenced before a marine court justice? I think not. The application for the order to show cause and for a stay will, therefore, be denied.